FILED
JAN 2 5 2010
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY | § § § § | UNITED STATES DISTRICT COURT |
| v. | § § § | |
| NEW HOME CONSTRUCTION MANAGEMENT, L.L.C., MANUAL OLIVAREZ INDIVIDUALLY AND DBA NEW HOME CONSTRUCTION MANAGEMENT, STEVE CARLSEN, AND MELISSA TOMASO | § § § § § § § | WESTERN DISTRICT OF TEXAS  SA10CA0058 FB  SAN ANTONIO DIVISION |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Mid-Continent Casualty Company petitions this Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Texas Civil Practice & Remedies Code § 37.001, *et seq.*, and Federal Rule of Civil Procedure 57, for construction of insurance policies, and a declaration that it owes no duty to defend or to indemnify New Home Construction Management, L.L.C., and Manual Olivarez, individually and dba New Home Construction Management, for any judgment or other obligation to Steve Carlsen and Melissa Tomaso, and for cause of action respectfully would show the following:

### PARTIES

1. Plaintiff Mid-Continent Casualty Company ("Mid-Continent") is an Ohio corporation with its principal place of business at 1437 Boulder Avenue, Tulsa, Oklahoma.

2. Defendant New Home Construction Management, L.L.C., is an entity based and doing business in Texas, and may be served with process on its registered agent Manual Olivarez at 11515 Mt. Climb, Helotes, Texas 78023.

3. Defendant Manual Olivarez is an individual who may be served with process at his address of 11515 Mt. Climb, Helotes, Texas 78023.

4. Melissa Tomaso is an individual who may be served with process at her address of 8637 Olson Road, Belvidere, Illinois 61008.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the plaintiff and defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## VENUE

6. Venue is proper in this court because the facts giving rise to this claim occurred in this district.

## FACTS

7. Mid-Continent issued commercial general liability insurance policies to New Home Construction Management, L.L.C., under Policy Number 04-GL-000622447 for the policy period of 11/03/2005 to 11/03/2006, and Policy Number 04-GL-000651985 for the policy period of 11/03/2006 to 12/26/2006 (pro-rata cancellation date).

8. On February 4, 2008, Steve Carlsen and Melissa Tomaso sued New Home Construction Management, L.L.C., and Manual Olivarez, individually and dba New Home Construction Management, in Cause No. 08-02-18795-CV, 38th Judicial District Court, Medina County, Texas. The *Carlsen* suit alleges that in November 2005, Carlsen and Olivarez entered a contract for New Home to build a residence in Medina County at 306 Forever Ridge, Helotes, Texas, for $269,673.00. The *Carlsen* suit states that New Home failed to comply with the contract by failing to complete the work despite receiving full payment, and further alleges that the construction was defective in numerous ways. The *Carlsen* suit asserted causes of action to quiet title, and for breach of contract, violations of the DTPA, statutory fraud, and negligence. The *Carlsen* suit sought to quiet title in the property by removing New Homes' lien, and sought actual and enhanced damages, attorney fees and other relief. Defendants in the *Carlsen* suit answered and counter-claimed for damages arising from alleged extra work requested by Carlsen and Tomaso but not paid.

9. Carlsen and Tomaso filed amended petitions against Olivarez and New Home, but the gravamen of the action did not change. The current pleading in the *Carlsen* suit is Plaintiffs' Third Amended Petition filed July 15, 2009. This petition alleges as theories of liability breach of contract, breach of implied warranty, statutory fraud, common law fraud, including fraudulent concealment, deceptive trade practices, negligence and gross negligence, and negligent misrepresentation. The suit complains, *inter alia*, that the work was untimely, substandard, and failed to comply with engineered plans. It further alleges that the house is not properly dried-in, the stucco finish was not

properly drained, and leaks and mold and water damage have resulted. Elements of damages claimed are: the cost to properly repair the residence's exterior, interior, foundation, and basement, and alternatively the difference in market value as represented and delivered, reduction in market value after repair, loss of use, diminution in value of "real and personal property," and attorneys fees and interest. The *Carlsen* suit seeks unspecified damages, including exemplary or statutory enhanced damages, attorney fees, and interest.

10. Olivarez and New Home tendered the claim to Mid-Continent for defense, and Mid-Continent agreed to defend them under full reservation of rights. Mid-Continent reserved its rights to determine non-coverage due to absence of an occurrence or property damage, and exclusions for Expected or Intended Injury, Contractual Liability, Pollution, Damage to Property, Damage to Your Product, Damage to Your Work, Damage to Impaired Property or Property Not Physically Injured, Recall of Products, Work, or Impaired Property, "Fungus, Mold, and Mildew," and "EIFS." Mid-Continent further reserved its right to withdraw from the defense should it be determined that there has been no "occurrence" as defined by the policy or none of the damages sought in the current matter are covered under the terms of the policy; to decline to indemnify for damages not covered under the terms of the policy; to file a declaratory relief lawsuit to determine the respective rights of Mid-Continent Casualty Company and New Home Construction Management, LLC in this litigation; to rely on any other policy conditions, terms, limitations or exclusions; and to modify, amend or update the reservation of rights letter for the above-referenced litigation.

## CAUSES OF ACTION

11. Mid-Continent now seeks the Court's declaration that it owes no duty to defend or to indemnify Olivarez or New Home for any damages that may be awarded in the *Carlsen* suit, because the claims in the *Carlsen* suit fall outside the scope of coverage and/or fall within the terms of applicable policy exclusions, as set out below:

   a. The *Carlsen* suit does not allege an "occurrence," defined in the policies as "an accident, including continuous or repeated exposure to substantially the same generally harmful conditions." While a construction defect may result from an accident in some circumstances, *see Lamar Homes v. Mid-Continent Casualty Company*, 242 S.W.3d 1, 9 (Tex. 2007); in this case the allegations of failure to complete the house within the contract period and according to contract terms do not amount to an accident but instead reflect knowing or intentional conduct and damages. In fact, the negligence allegations state that defendants' conduct was "more than momentary thoughtlessness or inadvertence . . . [and] defendants had actual, subjective awareness of the risk involved." The other tort based causes of action in the *Carlsen* suit also assert knowing or intentional conduct that precludes any "accident" or "occurrence." All the theories of liability rest on factual allegations of conduct that cannot be fairly characterized as accidental. Therefore, the *Carlsen* suit does not allege an occurrence as is necessary for Mid-Continent to have a duty to defend or to indemnify. *See* 242 S.W.3d at 9 ("A claim does not involve an accident or occurrence when either direct allegations purport that the insured intended the injury (which is presumed in cases of intentional tort) or circumstances confirm that the resulting damage was the natural and expected result of

the insured's actions, that is, was highly probable whether the insured was negligent or not.")

    b.    Exclusion 2 in the policies includes a specific exclusion for Expected or Intended Injury that eliminates coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured, and for "loss caused intentionally by or at the direction of the insured; or any dishonest, fraudulent, criminal, malicious and knowingly wrongful acts." Pertinent to these exclusions, the *Carlsen* suit alleges that the defendants acted "knowingly," with "conscious indifference," and "with intent," violated the Texas Deceptive Trade Practices Act, engaged in misrepresentation, fraud, fraudulent inducement, and fraudulent concealment, and committed gross negligence. Proof of these allegations necessarily would establish expected or intended injury within the scope of this exclusion, barring coverage for any resulting damage.

    c.    The exclusions listed in the policy as j (5) and j (6), as modified by Endorsement ML 11 91 04 00, appear as follows:

This insurance does not apply to:

    j.    Damage to Property

        "Property damage" to:

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations. This exclusion does not apply to liability assumed under a sidetrack agreement; or

6

> (6) That particular part of real property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. This exclusion does not apply to liability assumed under a sidetrack agreement or to "property damage" included in the "products-completed operations hazard."

The policy defines "products-completed operations hazard" to include: "all . . . 'property damage' occurring away from premises you own or rent and arising out of 'your work' . . . except . . . [w]ork that has not yet been completed or abandoned . . . work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed." Any and all property damage arose from Olivarez' and New Home's operations, and necessarily resulted from Olivarez' and New Home's failure to properly perform its work on the damaged part of the residence. Thus, the policy excludes coverage for property damage that arose during the course of ongoing operations.

    d.    The exclusion listed in the policy as 2 (l), as modified by Endorsement CG 22 94 10 01, excludes coverage for "property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard." "Your work" means (1) work or operations performed by you or on your behalf; and (2) materials, parts or equipment furnished in connection with such work or operations, and includes (1) warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work," and (2) the providing of or failure

7

to provide warnings or instructions. The policy excludes coverage for property damage that arose after operations were completed or abandoned.

    e.    Each policy includes an endorsement relating to fungus, mildew and mold. The first policy includes Endorsement ML 12 17 04 01, and the second policy includes Endorsement ML 12 17 11 04. Both state that the insurance does not apply to:

1. "Bodily injury", "property damage", "personal or advertising injury" or "medical payments" arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to any fungus, mildew, mold or resulting allergens;

2. Any costs or expenses associated, in any way, with the abatement, mitigation, remediation, containment, detoxification, neutralization, monitoring, removal, disposal or any obligation to investigate or assess the presence or effects of any fungus, mildew, mold or resulting allergens; or

3. Any obligation to share with or repay any person, organization or entity, related in any way to items 1 and 2.

These endorsements clearly preclude any duty to indemnify for property damage, including loss of use, relating to mold, and for expenses relating to mold assessment and remediation.

    12.    In addition to the foregoing terms of the policy that preclude any duty to defend or to indemnify Olivarez and New Homes in the *Carlsen* suit, Mid-Continent asserts non-coverage of any damages that may have occurred after the effective date of the policies. The *Carlsen* suit alleges that the parties contracted in November 2005, and the contract required the work to be complete within 365 days. The *Carlsen* suit alleges that the work was not complete within the contract period. As alleged in Paragraph 8 above, Mid-Continent Policy Number 04-GL-000622447 covered the policy period of

11/03/2005 to 11/03/2006. The second Mid-Continent policy, Number 04-GL-000651985, was in effect only for the period from 11/03/2006 to 12/26/2006, when it was canceled. To the extent that any damages occurred after 12/26/2006, whether or not the work was completed or abandoned after that date, are outside Mid-Continent's coverage period.

13. Further, based on insuring agreement terms and exclusions, as well as sound public policy, Olivarez and New Home are not entitled to coverage for any exemplary, punitive, or enhanced statutory damages based on "knowing" or "intentional misconduct," or "gross negligence," or "malice."

14. In summary, and without limiting the foregoing, the policy does not cover damages alleged in the *Carlsen* suit that are not "property damages" caused by an "occurrence" within the policies' effective periods, nor expected or intended damages, nor "property damage" due to ongoing operations, nor damage to Olivarez' and New Homes' work after the work was completed or abandoned, nor "property damage" that occurred after Mid-Continent's policy periods, nor damages falling within the fungus, mildew, and mold exclusion. Thus, the policy terms and conditions and coverage periods, preclude coverage for, without limitation, work that deviates from written contract requirements and specifications, using materials other than as specified and agreed, any alleged incomplete and/or defective work, defective stucco and other exterior structures, defective interior structures, defective roofing, defective patio or landing, defective foundation and basement, and leaks and mold and water damage that have

resulted. Further, the policy terms and conditions do not cover alleged differences in market value, reduction in market value, or diminution in value.

15. The duty to defend and the duty to indemnify are independent, and the existence of one does not necessarily depend on the existence or proof of the other. *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 2009 Tex. LEXIS 1042 (Tex. 2009). The duty to defend is based on the eight corner rule, while the duty to indemnify is based on facts established in the liability case or in coverage litigation. Under current Texas law, the duty to indemnify is justiciable before the liability suit is concluded. *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (observing that "[i]n many cases . . . the court may appropriately decide the rights of the parties before judgment is rendered in the underlying tort suit," and encouraging insurers to "make a good faith effort to ***fully resolve*** coverage before a judgment has been rendered in the underlying claim" [emphasis added]"); *Markel*, 2009 Tex. LEXIS 1042 *10 (determining the duty to indemnify hinges on the facts established, and evidence is usually necessary in the coverage litigation to establish or refute an insurer's duty to indemnify); *see also Nat'l Union Fire Ins. Co. v. Puget Plastics Corp*, 532 F.3d 398, 404 (5th Cir. Tex. 2008) (courts are not precluded from making factual findings in coverage actions).

16. Under the terms of the applicable declaratory judgment statutes, Mid-Continent is entitled to recover attorney fees and other relief.

## **PRAYER**

17. Mid-Continent requests that the Court declare and enter judgment that:

a. Mid-Continent owes no duty to defend Olivarez and New Home under the terms of Policy Number 04-GL-000622447;

b. Mid-Continent owes no duty to defend Olivarez and New Home under the terms of Policy Number 04-GL-000651985;

c. Mid-Continent owes no duty to indemnify Olivarez and New Home under the terms of Policy Number 04-GL-000622447;

d. Mid-Continent owes no duty to indemnify Olivarez and New Home under the terms of Policy Number 04-GL-000651985;

e. Mid-Continent recover its reasonable attorney fees and costs;

f. Mid-Continent recover such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

CHAMBERLAIN ♦ McHANEY
301 Congress Avenue, 21st Floor
Austin, Texas 78701
(512) 474-9124
(512) 474-8582 (Facsimile)

By: _____
TIM POTEET
State Bar No. 16170300

**ATTORNEYS FOR PLAINTIFF**